Case No. 251313, Kevin Lamb v. Scott Crofoot, et al., or arguments not to exceed 15 minutes per side. Mr. Ellison, you may proceed for the appellant. Mr. Ellison, you have three minutes for a rebuttal you've reserved. I have. Thank you, Your Honor. Great. Your Honor, this case today is about the minimum constitutional baseline that inspectors, as opposed to police officers, need to comply with in order to comply with both the Fourth and Fourteenth Amendment to the United States Constitution. These issues are coming up more and more as evidenced by the Mockridge case and the McIntosh case. And the issues that have been presented here should get us past easily the 12B6 stage in which the District Court dismissed this case. We would ask this court to reverse. I have five main points. I'm happy to answer any questions that the panel themselves may have. There's a lot of different materials here to work with. But I guess what I would like to start is, I think the base understanding is to start where the inspector entered the property. He showed up, no credentials, in a personal car, after hours, and started making a demand of a resident without a warrant. These are all the hallmarks of a violation of not providing due process and not providing what the Fourth Amendment minimally requires. So you've got the structure built on the front of the property, correct? Well, we're disputing that, but yes, it's on the front-ish side of the property. Front-ish side of the property. You took it down. So it's on the front-ish side of the property. If he sees it from the road and it's in violation of a law, ordinance, whatever, can he come on? I know you dispute whether it's in violation, but assume it is for my question. Can he come on to inspect it? The problem is, he doesn't know that. I guess in a hypothetical world... I'm asking the hypo. It's a drug factory. Can he come on? Can he come on the property? You're making crack cocaine. If he can see literally the crack cocaine being made on the front of someone's home, that would be a criminal crime that they're observing, and they would have probable cause then to then go on to the property to seize that as evidence without violating the Fourth Amendment. The problem here in this case, to distinguish and jettison you right back from the crack factory example, back to the greenhouse, is to say that Mr. Crowfoot, Inspector Crowfoot, did not know that, in fact, this was a violation. And in fact, as we laid out to the district court, the original... And I don't know if the court... I'm going to be a bit presumptuous. I'm assuming the court had the chance to review the video. I don't know if you'll consider the video as part of this, because of course that's disputed in this case. But the original basis for going on to the property wasn't because of a zoning violation. It was because there was the allegation that this was in the setback. And that wasn't true. And the whole point of due process is to say government officials aren't the all-knowing people that they are. You need to give citizens, before you take away their rights or go and search their property, the opportunity to either get a warrant, prove to a judge, convince a third party you have the right to be there. Or alternatively, if you're going to then seize personal property for purposes of a seizure under the Fourth Amendment, you've got to give the recipient, unless an emergency, or the crack factory example... What did he seize? I don't understand what the seizure is. So that's the part that I think makes this case the struggle for the district court case. The seizure is the issuance of the Stop Work Order. The Stop Work Order is the government's command that you're no longer to have free use of the property that you otherwise legally have. Now I know my brother on the other side will say, you know, well you are violating the zoning ordinances. That's disputed at this point. And I think at least on the 12B6 stage, from what we've pledged, you have to accept our version, or at least our inference, that it wasn't a violation. I get to, it's a Fourth Amendment violation under the language or understanding of the Fourth Amendment from Stop Work. Stop building. That's a seizure. That's a seizure under the Fourth Amendment. That is a seizure because the standard under... and there's a couple of different places... Start with the language of the Fourth Amendment and then move to what case supports it's a seizure. So you have, you are not allowed as a government official to have an unreasonable search or seizure. Of what? Of, well you have your houses, your effects, your, and of course this is a house. This greenhouse is in the curtilage of the house, that way. This isn't an open field. What case supports that? Because I can't find a case saying that. What's that? That a Stop Work Order amounts to a seizure of the greenhouse. It's one thing, like your mobile home case, they actually took it and left. Like here, he doesn't take it, he just gives you a notice, he throws it on the ground, whatever he does. He gives you a notice that you've got to stop work. That is the command of the government that you no longer have free use of your property. It might be a taking, but is it a seizure? I think it's a seizure. I think under the standard, I think if you look at Sodal, you look at Robinson, you look at, these are just some of the cases I've cited in these cases to say when the government commands you to stop, you no longer have the free use of your property any further, you are no longer, you've been, the phrase that the standard phrase is, excuse me one second, the phrase that is used both in Jacobson and Sodal is meaningful interference with a possessory interest in property. Is it a position that a warrant is thus required or, you mentioned administrative search, you mentioned Patel a few times throughout your brief, what's your position on whether, absent a warrant, you could issue a stop work order in these exact circumstances using some sort of administrative search regime? So there's two. There's actually two circumstances. One would be if this was an emergency situation, for example, United Pets is a court case that we often use in this circuit to establish the emergency exception, but the emergency exception only applies if you have a post deprivation remedial remedy available to you. I thought here you have an appeal to the zoning of boarding appeals. You don't. And why is that? I thought under section 903.2 of the ordinance, a stop work order, or any action of the zoning administrator is appealable within 10 days to the Board of Zoning Appeals. But the point, so to answer your question specifically, if there is an appeal, I don't read what the stop work order is providing for that type of appeal. Any action can be challenged by any aggrieved person. But I take that to mean it's the zoning board's decision, not the zoning officer's decision, because he's here as a building official. He's actually the building officer. Now, he suddenly has become the zoning officer and the building officer and the highway commissioner. Yes, so nice to see you, Mr. Ellison. Nice to see you. Do you argue a lot or argue all of your cases? I don't know who got the short end of that stick, right? But okay. Just to follow up on Judge Hermandorfer's question, are you saying this is just not reviewable? I mean, you have the ticket or the notices placed on your building. Are you just saying there's no way to review it? I'm saying under this regime right now, there's no way to review it. But the actual, because it's structurally in error. What should have occurred here is that they should... It sounds like a due process. I mean, one of the hard parts about this case is the mixing of due process and the Fourth Amendment. You kind of go from one to the other pretty easily. So that sounds like more of a due process problem. Well, hopefully I'm convincing you of that. But the point I guess I'm getting across to answer the question is, I want to make sure I answer both questions here because I want to make sure I get the record here. My position is before you deprive someone of a property interest, unless it's an emergency with a post deprivation remedy, or if you have a Patel style warrant alternative, meaning you use an administrative hearing, which that also is in that same vein because a Patel means you're saying, I'm going to come on your property unless I'm going to give you X number of days to object to somebody else. We don't have that here. At least I don't read that here on this record. And we sure as heck don't have it on the 12B6 standard right now for that. Now to answer your question on this is, they overlap because it's dealing with a deprivation of an interest. The typical search cases, I'm sure I've argued to you before on these, is usually searches. We're talking usually searches. But searches are a separate, or excuse me, a seizure is a separate legal regime than searches. And seizures are when you have a meaningful dispossession of property. And my position is, if you're going to do that, you either have to have a warrant or a legal warrant alternative, or on the flip side is you have to give due process and I'm going to take these particular actions. And a great example in Michigan that we use is under the building code, not the zoning code, which I'm sure you've learned more about building codes and zoning codes in Michigan than you've ever wanted to in this case. But the building code itself says, I as a building officer can say I'm going to issue a stop work order, but I've got to give you at least 24 hours notice and the opportunity to tell me why I'm wrong. So an officer sees a car parked illegally, has the tow truck come, the car is towed away. Is that always then automatically a Fourth Amendment problem? Well, that's why, that's why when I... That's worse, I mean the structure was taken down, but it was still there physically. So that's a more dramatic deprivation. So I'm thinking of this, and of course I'm thinking as I was driving down I-75, because I drove this time down here, along the way there are vehicles on the side of the road that have an orange tag that says if this is not removed within 24 hours, we're going to tow it. They oftentimes, they just take it. I'm not speaking from personal experience necessarily, but they oftentimes will just tow the car. Then maybe I should hand my business card out along the way, on the way back, to talk about due process and Fourth Amendment violations that way. This is a long regime, like well, seemingly fairly well established regime that officers are allowed to tow the car. And then there's some process, you can challenge the, obviously you want to get your car, but you can then challenge the citation. I guess the short of this is right now, at least the facts of this particular case that I'm challenging is on, I don't want to pretend like I'm solving every possible scenario in these circumstances. But what I am asking this court to understand is to move the line, or at least make the recognition that when an inspector comes on a piece of property, they can't just take and deprive free use of property on the say-so of a government saying this is a violation. You've got to give the property owner the chance to be able to say, this is not a violation and here's why. Now, if the zoning officer disagrees and wants to continue forward, due process doesn't guarantee the right results, but the whole purpose of due process that the Supreme Court has told us is to minimize mistakes and erroneous deprivations of property interest. And that's what this process would do. Now, the flexibility that the 14th Amendment gives to governments is you can design the process so long as it meets the Matthew standard. You can design a lot of different, and I think Judge Sutton's decision in McIntosh I think lays that out well, what exactly this looks like, but there is a minimum threshold that needs to be met. And it has not been met in these circumstances. And the problem is, is these circumstances I think are happening often and regularly across the Sixth Circuit. One more question. So your client tore down the structure? After it was threatened to be re-inspected, yes. Do we have any, is there any indication that he would rebuild it depending on how this case comes out or depending on how your challenge to the ordinance comes out? Well, again, I would point that we're at the 12B6 stage right now and our position is he wants to rebuild. In fact, he has grown, I can represent to the court. Is there anything in your, so speaking of 12B6, is there anything in your complaint where he indicates that he would, he wants to rebuild the structure or would rebuild the structure? I want to say there is, but I don't, sitting here, I don't want to make the false statement that there is or the incorrect statement that there is. But it is his, I can represent to the court, it is his intention. If it doesn't meet the standards, then the appropriate motion to bring would be a 12B1 motion, not a 12B6 motion on jurisdictional grounds. Any further questions? Okay, you'll have your full rebuttal. Thank you very much. Good afternoon, your honors. My name is John Gimolaro. I represent Jonesfield Township and Mr. Crowfoot. As Mr. Ellison reiterated, we're jumping right to violation of a protected property interest. But the issue here is that protected property interest. In order to have a vested right in this property, there's a couple of things that Michigan law requires and also the Due Process Clause requires. Specifically, and as this court has held routinely, is that any structure built in violation of zoning ordinances, you don't get a property interest in that. To the last set of questions, is there a way to challenge it in Michigan? In other words, he comes out, let's say you want to challenge that you actually can and that you're misinterpreting the law, the ordinance. How does he go about challenging that in an administrative fashion? Within the 10 days of posting the stop work order, the recipient of the stop work order can make an appeal. At that hearing, he would have the opportunity to be heard and would more than likely be instructed on the requirements of the zoning ordinance that he was in violation of. Specifically here, as Your Honor pointed out, to use your word, the front-ish, side-ish portion of the property, by definition within the zoning ordinance, this was in the front yard because it was in front of the front foundation line of the home where it was being built. Therefore, it was in violation of the zoning ordinance. The process you discussed in terms of a neutral hearing, am I correct that that's under Section 903 of the entitled Appeals of Administrative Actions? I believe Your Honor is right, but I don't have the full ordinance with me to be able to confirm that specifically. Is there some sort of stay regime? It seems as though if you, unless there's imminent peril to life or property, that when you file an appeal within the 10-day window, there is a stay of the action being reviewed. Are you familiar with that? Offhand, I'm not. So I would be hesitant to answer your question with any sort of... But the point is within, we agree that the zoning administrator's decision, i.e. issuance of a stop work order, would be subject to the 10-day appeal regime under which you would get a hearing in front of, not Crowfoot, but the Board of Zoning Administrators? Yes. Okay. That is my interpretation of the ordinance, Your Honor. Is there any dispute about that? Your friend on the other side sort of disputes this regime? We're at 12B6, so what do we do with the disagreement? If I understand Mr. Ellison's position properly, it's pre-deprivation that he's looking for. This is a post-deprivation, right? Yes, I hear that. But I thought he was saying post-deprivation, a means to challenge the citation. Well, I think the distinguishing mark there is that Mr. Ellison's position is that, or I should say Mr. Lamb's position is that issuing the stop work order under these circumstances, it should have entitled Mr. Lamb to a pre-deprivation hearing. I understand that. I thought there were questions, and maybe I'm just missing the boat. My question was post-deprivation. Yeah, so post-deprivation. I thought your friend on the other side was saying there's really not a viable means to challenge the citation. I think you said there is, but you also seem to be hedging a little bit. There is, and it's in that 10-day window to appeal the stop work order in the ordinance section cited by Your Honor. I'm sorry, I don't have it in my notes, and I neglected to write it down. But whether it has the specific language about issues of health, I believe that you mentioned, I'm not clear on that portion of it. But just so we're clear, what you're saying is that 10-day exists post-deprivation, but pre-deprivation there's no way to challenge it. Correct. I want to ask about one way you could challenge it, potentially, is through the issuance of a pre-inspection notice like was issued here. And I understand that there was a letter sent from Crowfoot after the initial incident that says you're in violation of, you know, whatever zoning provision is at issue. We are going to come re-inspect your property on X date. Is that standard practice? Are you aware to issue that type of pre-re-inspection notice? Because I also noticed in that letter there was a way you could contact Mr. Crowfoot, a number listed to lodge an objection and discuss further. So I'm wondering how that interplays with the potential appeal to the zoning board. And this is all pre-inspection. Correct. So I believe it happens. I can't say that it's standard operating procedure that it would happen in every case that presents in this manner. I believe it happened in this case because of the interaction between Mr. Crowfoot and Mr. Lamb when he entered upon property that Mr. Crowfoot did not want to revisit the property without some sort of notice that he was going to be showing up. And so if Mr. Lamb were to start to reconstruct the greenhouse either in the front yard-ish location or somewhere else, would it be your position on behalf of your client that there would be some sort of pre-inspection notice before coming onto the property? I think that could matter for purposes of the injunctive claim he's seeking with respect to the 901 1D aspect.  And I do not think it would be required depending upon where the greenhouse would be located. If it was located in a suitable position or within some imaginative way of saying that looks right. I mean, in this case, right, where it was being built was well in front of the house but towards the side-ish. So if it's being built in the backyard, right, I do not think that we'd be here today. If it was being built on the side yard within what Mr. Crowfoot believed to be that right of way, we might still be here today. And if he's going to rebuild it, the only thing I can say is it really depends on where the construction is going to occur. If it's clearly out of the right of way and not in the front yard, I would hope that they would let it go within the realm of the law. If they believe that there's a violation occurring, then I think that they do have the authority to inspect. And if it's in the front yard, I take it your position would be there need not even be a Fourth Amendment intrusion to the extent you could see the location vis-a-vis the house from, say, the street just walking by without entering onto the parcel. Correct. Correct. And the holding for that is in the Green Genie 2018 case that an individual does not gain a valid property interest when the use is clearly prohibited by law. And because the construction was in front of the house, there is no possessory interest for Mr. Lamb to assert that there was a seizure, a search, or a due process violation. His remedy is within that 10 days of posting the stop work order to appeal it. That was his remedy. He chose not to. He tore down the greenhouse voluntarily. I believe Mr. Ellison will say it was a coercive tear down, right? The complaint alleges it was coerced. Yes, right. We accept that. But there is no threat that it would have been warrantless. It's just a letter that says, I'm going to come back. It doesn't say with or without a warrant. If we're taking everything to plaintiff's favor, maybe it would have been. But even if it was, there's still no right to build the greenhouse there. So he can't attach that right to it for a seizure. The other issue is the challenge to the inspection ordinance. And in order to have standing for that, either as applied or a facial challenge, there needs to be some alleged injury. And that's just simply not here. The alleged injury, as best as I can glean from all of this, is that I can't use my property the way I want to. Well, you can never use your property exactly the way you want to. It has to be conducive. It has to be within the realms of those zoning ordinances. And in this case, it wasn't. So regardless of Mr. Crowfoot's actions here, the issue that plaintiff can't overcome is the lack of standing to bring these issues before the court. He can't get past that first element of the necessity of a possessory interest. And without that, he can't challenge the enforcement ordinance. He can't challenge the seizure. He can't challenge the Fourth Amendment. And he can't challenge the Fourteenth Amendment. I thought you conceded, though, that there might be another location on the property where he could lawfully build the greenhouse. Now, whether he's alleged that in his complaint is a different matter. But if that's true and he says, well, I do actually have a lawful right to build, but I'm chilled because I'm afraid of inspectors coming onto my property at all hours without a warrant and any notice, why isn't that enough to at least get over the standing bar on a 12b6? Because we have to take the allegations in the complaint. So the best we have is that in the complaint, it shows the location of the greenhouse being in blatant violation of the zoning ordinance. If there was some indication within the complaint that the greenhouse was going to be rebuilt in a different location, then perhaps, yes, we could entertain such a position. But because all we know is what is pled in the complaint, the location of the greenhouse will be in the front yard of the home, which is a blatant violation. Do you agree or disagree that by stopping him, you've seized his greenhouse? I disagree. How do you deal with Sidall? Sidall starts with that possessory interest. It all stems from, I believe Mr. Ellison said, a possessory interest of property. Without that possessory interest, there is no seizure. Because the building was being built in violation of law, he does not have a possessory interest in it. Permit or no permit? On the Fourth Amendment issue, the briefs might suggest that your friend on the other side briefed the issue as a seizure and that you sort of briefed the issue as potentially not, but in terms of a search. You said it wasn't unlawful. Do you see any problem there from your perspective? I don't. Do you agree with my premise? I'm sorry? Do you agree with my premise? Partially. The Fourth Amendment as a whole protects the individual from searches and seizures. It's all encompassing to one. Well, they're different. They are different, but it's all contained within the Fourth Amendment. So in order to reach a seizure, in order to take something... It's like saying free expression and freedom of religion are both contained in the First Amendment. They're still different in kind. If you take something, like if you come into my house and take a piece of my property and leave and you're welcome there, but you're a government official, it's still a seizure, but it's not a search. They're different things. It is, but where the distinction lies and where our brief covers both is, again, in that vested property right. The vested property right for a search is less than a vested property right for a seizure. And because we don't have the right to contest the seizure, the brief addresses... You wouldn't have the right to search his greenhouse, right? The interior? No, we would not. Okay. So that's different than a seizure. What if the government... What if he had it on an independent parcel and the government surrounded the land and said, you're not welcome on it. You didn't go on it, so you're not searching it. You're not... You, Mr. Lamb, cannot go on that property. Is that a seizure of the property? Under the Fourth Amendment, it might be. It might be. Why is this any different? Why is this with your property? Because, again, it's the... It is that first element of the possessory interest. If I don't possess something, the government can't deprive me of it. So the stop work order isn't saying you can't have your greenhouse. It just means stop because something's wrong. It's a limited interference with the appealable right within 10 days. But because I don't have that possessory interest, I haven't been deprived of anything. Nothing has been seized from me because I lack that possessory interest. Versus your example of surrounding the property, assuming that it's titled deeded and everything else is appropriate, that property, I have a vested right to. And now the government has deprived me of it. Do we know from the complaint whether the greenhouse was deconstructed within the 10-day period or after the 10-day period? I do not believe that's in the complaint, Your Honor. I believe all that's alleged is that this incident occurred on October 24th. The letter was written on the 28th with the reinspection notice on November 28th. And sometime between the 24th and the 28th, the greenhouse was taken down. Thank you. Thank you. The Eppley's entire argument hinges on one false premise. The false premise is that the greenhouse was in violation of the zoning ordinance. We're alleging it's not in violation of the zoning ordinance. Why not challenge it in the 10 days? Because this is not an emergency situation that requires post-deprivation. If it's not an emergency situation with post-deprivation, the law says you have to do a pre-deprivation notice. It's not post as an alternative. It's only in a very narrow band that a post-deprivation remedy can be provided. Emergency. The building's going to fall. The bricks are coming off the side of it. Whatever. Whatever the circumstance. It's not one or the other. The default automatically is pre-deprivation unless the government fits itself into a post-deprivation emergency regime. And that hasn't, at least, I don't see how this is a greenhouse would be. And this is truly, I want to make the record. Sorry if I'm slow on this. So you're saying they come, they give you the notice to deconstruct it. Yes. And you have no right to appeal that. What I'm saying, I want to be clear. What we're saying is that because they didn't give that notice to begin with. They didn't. I'm sorry. Because they did not. When Mr. Crowfoot showed up at the premises, he isn't saying I think you're in violation. I'm giving you a show cause to explain to me. I'm using show cause as a fill in blank. I get it. You have X amount of time to either deconstruct or explain to me why it is that you think that you are not in violation of the zoning ordinance. And Mr. Lamb would have come in and said, I'm exempt from this under the building code. I'm exempt from this under the Right to Farm Act. And Mr. Crowfoot would have said, oh, I'm mistaken. The zoning law is preempted under state law. Therefore, you have a free use. The Right to Farm Act, though, says that local zoning laws still are in effect. It doesn't. And I am literally, this is so funny you bring this up, because I am literally the lawyer that brings all the Right to Farm Act cases in Michigan. I would point the court to the Michigan Court of Appeals just published a decision on this very thing. It's my case. It's Haney versus Fraser Township. And it just came out. What about Papadelas v. City of Troy? Papadelas says, if you look at Papadelas and Saloma, both of those say zoning is included as a preemptive aspect. Because the zoning, zoning is a local township ordinance that gets preempted by the Right to Farm Act. It's well established under Michigan law. So the point is, I guess the main takeaway, and this is where we start at the first fork, and this is why I think we reach so diametrically opposite endpoints, is because the township and the inspector start from the proposition that this was an illegal use of property. We're saying it's not an illegal use, and we should have been given that opportunity to say otherwise. Isn't that a question of law that the district court was right to decide at this phase? I mean, the zoning ordinance says what it says. The allegations are, the greenhouse is where it is. How is that not a question of law? Because the assumption is, is that there were certain, this is somewhat of, we've kind of gotten far afield, I'm sorry, I can continue? Yes. Okay. We're getting a bit far afield because when the complaint was filed, after I got the surveillance camera footage from the body cam, the only allegation that Mr. Crowfoot was using was the fact that this was built in the highway set off. There was no allegation about it being in the front yard. There was no allegation about it being a zoning violation. There was no allegation about it being a building. Those were all made up by the lawyers after the fact. So, at least at the complaint stage, when I filed, the only allegation that I had, the only record or information that I had available to me was this greenhouse was being built in the highway setback, which Mr. Crowfoot doesn't even have jurisdiction over. The highway department does. Not even him. He doesn't enforce the highway setback rules. So, from my standpoint, this was a, you know, a false search, if you want to say. It was an inappropriate search. But even if Mr. Crowfoot thought it was wrong, he's got to give that opportunity so that we reduce and remove the chances of mistakes and errors, which is precisely why we have pre-deprivation opportunity to be heard and decided before the deprivation occurs. Any further questions? Unless the Court has any other questions. Thank you. Thank you much. Pleasure seeing you guys today.